QUESTION: Does the Florida Parole and Probation Commission have the authority to parole an inmate directly from this state or should the inmate be returned to the sending state for such purpose when, under the Interstate Corrections Compact (ss.941.55-941.57, F.S.), Florida is acting in the capacity of a receiving state as so defined in the act?
SUMMARY: Under the Interstate Corrections Compact, ss. 941.55941. 57, F.S., only the sending state may grant parole to an inmate confined in Florida. By proper agreement among the sending state, this state, and the inmate, the physical release of the inmate may be accomplished within the territory of Florida. I have carefully examined the entire scope of the Interstate Corrections Compact and am of the opinion that the following specific provision controls the answer to your inquiry. Pertinent language of s. 941.56, F.S. [Article IV, paragraph (c)], reveals: (c) Inmates confined in an institution pursuant to the terms of this compact shall at all times be subject to the jurisdiction of the sending state and may at any time be removed . . . for release on probation or parole . . . . (Emphasis supplied.) I interpret this to mean that the authority to grant parole to any given inmate is vested solely within the auspices of the sending state. Although reasons and causes sufficient for parole consideration may be initiated or suggested by the receiving state, e.g., through regular reports contemplated in paragraph (d) of Art. IV of the compact, the ultimate decision whether to grant a parole may be made only by the state in which conviction or court commitment was had. I wish to point out, however, that once a sending state grants a parole to an inmate confined in Florida, the commission has the authority to effect the physical release of the inmate within the territory of this state provided that the requirements of paragraph (g) of Art. IV of the compact are met, those requirements being: (g) Any inmate confined pursuant to this compact shall be released within the territory of the sending state unless the inmate, and the sending and receiving states, shall agree upon release in some other place. The sending state shall bear the cost of such return to its territory. (Emphasis supplied.)